1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ELISABETH BENSCHOP AND CALVIN FITZGERALD )<br><br>Plaintiff, )<br><br>v. )<br><br>VAIL RESORTS et al., )<br><br>Defendant. ) | **3:12-cv-00120-HDM-VPC**<br><br><u>ORDER</u><br><br>**July 9, 2012** |

Before the court is plaintiffs' motion for discovery sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2) (#19).[1]  Defendant opposed (#24) and plaintiffs replied (#27).  Upon thorough review of the motion, the court denies plaintiffs' motion (#19) for sanctions.

## I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs allege that on February 22, 2012, defendant Andrea Ramos negligently or recklessly crashed into plaintiff Elisabeth Benschop while snow boarding and caused substantial injuries to plaintiff (#1, pp. 3-4).  Additionally, plaintiffs claim that as a result of Ms. Benschop's injuries, she suffered a grade IIIb concussion and likely brain injury, as well as pain to her shoulder, neck, and back.  *Id*. at 8.  Defendant is a citizen of Argentina and returned to Argentina on March 9, 2012, when her visa expired (#19, Ex. 1).

Plaintiffs filed the instant motion for evidentiary sanctions and argue that due to defendant's failure to appear for her deposition and to produce documents, the court should sanction defendant pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(ii) and prohibit defendant from introducing evidence in this action (#19).  Defendant argues that she was not properly served with the Deposition Notice and Order or the instant motion (#24).  Further, defendant argues that such a severe sanction

---

[1]        Refers to the court's docket numbers.

1    is not appropriate in this case because plaintiffs have not demonstrated any prejudice or bad faith on

2    the part of defendant. *Id*. at 9-10. In reply, plaintiffs state that defendant's counsel failed to directly

3    address defendant's disobedience to court orders and failure to appear at her deposition (#27).

4    Plaintiffs maintain that they properly served defendant with papers and that sanctions should be

5    ordered. *Id*. at 7.

6          The relevant facts regarding the instant motion are as follows:

7          •    On March 1, 2012, plaintiffs' counsel personally served defendant at her
                temporary residence with the Summons and Complaint.
8
9          •    On March 1, 2012, plaintiffs filed an ex parte motion for an order allowing
                immediate deposition of defendant, a foreign national, due to defendant's planned
                departure from the United States.
10
11         •    On March 5, 2012, the court granted plaintiffs' motion for an order allowing the
                immediate deposition of defendant.

12         •    On March 5, 2012, plaintiffs' counsel mailed a Notice of Deposition to defendant,
                and notified her that the deposition is scheduled for March 8, 2012. Plaintiffs also
13              emailed the Notice of Deposition to plaintiff. Defendant did not appear for her
                deposition.
14
15         •    On March 12, 2012, plaintiffs moved for an order compelling defendant to attend
                her deposition on March 15, 2012. The court granted the motion. Defendant did
                not appear for her deposition.
16
17         •    On March 15, 2012, plaintiffs filed a motion for discovery sanctions against
                defendant due to her failure to appear for her deposition.

18         •    On March 26, 2012, defendant retained counsel and filed an answer.

19                           **II.  LEGAL DISCUSSION AND ANALYSIS**

20    **A.    Service of Notice**

21         Defendant argues that plaintiffs did not properly serve her with the Deposition Notice, Order

22    compelling deposition, Notice of Entry of that Order, or the instant motion (#24, p. 3). Further,

23    defendant argues that it was improper for plaintiffs' counsel to personally serve defendant with the

24    Summons and Complaint. *Id*. at 4, fn.2. Plaintiffs state that all discovery notices were properly

25    mailed to defendant's home address and constitute proper service (#27, p. 3).

26         Even if plaintiffs properly served defendant with the Notice of Deposition and the Court's

27    Order, plaintiffs have failed to show any prejudice or bad faith on the part of defendant which would

28    warrant sanctions.

2

1          **B.       Motion for Sanctions**

2          Plaintiffs argue that because defendant failed to appear at her scheduled deposition and failed

3    to comply with the court's order (#15), she is subject to evidentiary sanctions precluding her from

4    presenting evidence in this case (#19).  Defendant argues that plaintiffs have failed to demonstrate

5    prejudice or that defendant will not be made available for deposition in the normal course of

6    discovery (#24, p. 9).  Further, defendant contends that plaintiffs have failed to show bad faith on

7    the part of defendant.  *Id*. at 10.  Defendant states that the sanction requested amounts to a default

8    judgment and is not appropriate in this case.  *Id*.

9          Federal Rule of Civil Procedure 37(b)(2)(A) permits the court to impose sanctions against

10   a party who fails to obey a court order to attend a deposition.   Fed.R.Civ.P.  37(b)(2)(A).   In

11   accordance with the general due process restriction upon a court's discretion, Rule 37(b)(2) requires

12   that "any sanction [imposed pursuant to it] must be just." *Insurance Corp of Ireland v. Compagnie*

13   *des Bauxites de Guinee,* 456 U.S. 694, 707 (1982).  All sanctions imposed for failing to comply with

14   a discovery order must be reasonable in light of the circumstances, and a sanction is reasonable only

15   if its character and magnitude are proportionate to the character and magnitude of the violation of

16   the underlying discovery order, and the harmful consequences of that violation.  *See Vaca v. Rio*

17   *Properties, Inc.* 2011 WL 830519 (D.Nev., March 3, 2011).  In determining an appropriate sanction

18   for failure to comply with a discovery order or attend a scheduled deposition, the court examines five

19   factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to

20   manage its docket; (3) the risk of prejudice to non-offending party; (4) the public policy favoring

21   disposition of cases on the merits; and (5) availability of less drastic sanctions. *See Leion v. IDX Sys.*

22   *Corp*., 464 F.3d 951, 958 (9th Cir. 2006).

23         Here, it is clear that defendant failed to comply with the court's order to appear at her

24   deposition (#15).   However, the court's findings demonstrate that the requested sanction is

25   inappropriate. First, there has been no prior order from this court involving the issuance of sanctions

26   against defendant.  This is the first time the court has addressed whether defendant's failure to

27   comply with a court order should result in sanctions.  Second, the court finds that plaintiffs have

28   failed to establish any prejudice that would result from not issuing such a drastic sanction.  Nor have

3

1  plaintiffs established that they have been prejudiced by defendant's actions.  Discovery in this action

2  has not concluded and will not conclude until early 2013, providing plaintiffs another opportunity

3  to schedule the deposition.  Further, plaintiffs have failed to show that defendant acted in bad faith.

4  Defendant is now represented by counsel and has filed an answer.  Taking into account the factors

5  above, the court finds that plaintiffs' request for sanctions prohibiting defendant from presenting

6  evidence in this case is inappropriate.

### III. CONCLUSION

8       The court has reviewed plaintiffs' motion and determined that because plaintiffs have failed

9  to establish any prejudice, the motion for discovery sanctions is denied.  Moreover, there is no

10  evidence of bad faith on the part of defendant and the court will not issue such a severe sanction.

11       **IT IS THEREFORE ORDERED** that plaintiffs' motion for discovery sanctions (#19) is

12  **DENIED**.

13       **IT IS SO ORDERED.**

14       **DATED:**  July 9, 2012.

                                            **UNITED STATES MAGISTRATE JUDGE**